**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MONIQUE NICOLE WELDON,**

   **Plaintiff,**

**v.**                                          **Case No. 3:16-cv-03815**

**LORI NOHE, Warden;
JOE WOOD, Associate Warden;
JIM RUBENSTEIN, Commissioner, WVDOC,
C.J. RIDER, Director of Inmate Services, WVDOC,**

   **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On April 21, 2016, Plaintiff Monique Nicole Weldon ("Plaintiff"), an inmate incarcerated at Lakin Correctional Center ("LCC") in West Columbia, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2). In the complaint, Plaintiff alleged that the defendants were violating her constitutional rights by refusing to allow her to have visits with her fiancé and by denying her request to get married. (*Id.* at 4-5). Plaintiff asked the court to order LCC to permit her fiancé visitation for the purpose of getting married, or in the alternative, to allow her to marry her fiancé at the United States Courthouse. (*Id.* at 5). The record reflects that after institution of this action, LCC granted Plaintiff's request to marry her fiancé, and she has since married him. (ECF No. 25-1).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant

1

to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4). Currently pending before the court are Defendants' Motion to Dismiss on Grounds of Mootness, (ECF No. 18), and Defendants' Supplemental Motion to Dismiss on Grounds of Mootness, (ECF No. 25). For the reasons that follow, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss on Grounds of Mootness, (ECF No. 18), and Supplemental Motion to Dismiss on Grounds of Mootness, (ECF No. 25), be **GRANTED**; that the complaint, (ECF No. 2), be **DISMISSED**, with prejudice; and that this action be removed from the docket of the court.

## I.   Background and Procedural History

On April 21, 2016, Plaintiff, proceeding *pro se*, filed a complaint in this action. (ECF No. 2). She asserts that on January 10, 2015, she filed a request with LCC, seeking permission to marry her fiancé, Albert William Lacy. (*Id.* at 4). According to Plaintiff, the defendants denied her marriage request and further prohibited Mr. Lacy from visiting her at LCC. (*Id.* at 4-5). When Plaintiff pursued the matter through the grievance process, she was told that the denial of her request was based on Mr. Lacy's criminal history and on the fact that he was not a member of Plaintiff's immediate family. Claimant admits that Mr. Lacy was convicted of a felony drug charge, but asserts that the conviction occurred approximately 30 years ago. (*Id.*). She contends that the defendants' interference with her marriage to Mr. Lacy is a violation of her Fourteenth Amendment right to substantive due process. Plaintiff further claims that the defendants' actions effectively prevent her from exercising her Christian beliefs. Plaintiff requests that the court order LCC to allow Mr. Lacy to visit her in prison for the purpose of marrying her, or permit her to "marry [her] fiancé, Albert William Lacy, at the U.S. District Courthouse." (*Id.* at 5).

On August 9, 2016, the defendants filed a Motion to Dismiss Plaintiff's complaint on the basis that it is moot. (ECF No. 18). Defendants state that the West Virginia Division of Corrections ("WV DOC") changed its policy such that Mr. Lacy's status as a felon will no longer provide a basis for denial of the marriage request, nor will it be a reason to prohibit Mr. Lacy's access to the facility for the special purpose of participating in the marriage ceremony. (ECF No. 18, 18-1).[1]  Defendants subsequently filed a Supplemental Motion to Dismiss producing proof that Plaintiff did, in fact, marry Mr. Lacy. (ECF No. 25, 25-1).

On August 18, 2016, Plaintiff filed a second civil action against the defendants named herein, as well as multiple other defendants. *See Weldon v. Hodge, et al.,* 3:16-cv-07887. In her complaint in that matter, Plaintiff alleges that she was sexually assaulted by a prison employee and was subsequently retaliated against and punished for reporting the assault to prison officials. That civil action remains pending.[2]

On November 12, 2016, Plaintiff filed a response in opposition to the defendants' Motion to Dismiss. Plaintiff does not dispute that the WV DOC's policy has changed, or that she was permitted to marry Mr. Lacy; however, she ostensibly argues that her complaint falls under an exception to the mootness doctrine because it is capable of repetition, yet evading review. (ECF No. 23 at 3-5). In support of her argument, Plaintiff alleges that prison officials perpetuated delays in her marriage process, harassed and

---

[1] The document quoted and referenced as Exhibit Two was not attached to the Motion to Dismiss. Instead, a plainly unrelated document was provided. Nonetheless, the error is harmless as Plaintiff does not challenge the fact that the policy at issue has changed in the manner described by Defendants.

[2] On October 11, 2016, Plaintiff filed a motion to amend the complaint, which was docketed in this civil action, because Plaintiff used the wrong case number. Given that the motion to amend should have been filed in 3:16-cv-07887, the motion and the defendants' response thereto have been removed from this case and redocketed in *Weldon v. Hodge, et al.*

sexually abused her, censored her mail, and retaliated against her in a number of ways, which she contends places her at continued and increased risk of harm. (*Id.* at 3-21). In her 83-page response (including attachments), Plaintiff raises a plethora of complaints never contained in her original pleading. Additionally, for the first time in the case, Plaintiff indicates that she is seeking "compensatory and punitive" damages. (*Id.* at 2).

## II. <u>Discussion</u>

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted).

Federal courts are permitted to consider disputes which are moot if they are "capable of repetition, yet evading review." *Incumaa v. Ozmint,* 507 F.3d 281, 288–89 (4th Cir. 2007) (citing *Fed. Election Comm'n v. Wisconsin Right to Life, Inc.,* 551U.S. 449, 127 S.Ct. 2652, 2663, 168 L.Ed.2d 329 (2007) (internal quotation marks omitted). However, "[i]n the absence of a class action, jurisdiction on the basis that a dispute is capable of repetition, yet evading review is limited to the exceptional situation in which (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal quotation marks and citations omitted). The party advocating for the exception to the mootness doctrine bears the

4

burden of demonstrating that the exception applies. *Id.* (citing *Brooks v. Vassar,* 462 F.3d 341, 348 (4th Cir. 2006)).

As mentioned, the only relief that Plaintiff sought in this case was a court order directing that Mr. Lacy be allowed to visit Plaintiff for the purpose of marriage, or that she be allowed to marry Mr. Lacy at the "U.S. District Courthouse." (ECF No. 2 at 5). The record establishes that the relevant WV DOC policy provisions prohibiting Plaintiff's marriage to Mr. Lacy have been removed, and Plaintiff has since married Mr. Lacy. Therefore, because intervening factual events dispelled the case or controversy before the court, the undersigned **FINDS** that Plaintiff's claim is moot.

As previously stated, Plaintiff argues to the contrary, indicating that her "case is not moot because it is capable of repetition, yet evading review." (ECF No. 23 at 4). However, that exception to the mootness doctrine simply does not apply here, because Plaintiff has not made and cannot make a showing that she will again be subject to the same wrongful action. The relevant policy has been modified and now allows Plaintiff to marry an individual who is a convicted felon. WV DOC Policy Directive 507.00 now includes an accompanying instruction by the Commissioner of the WV DOC, stating that a marriage request by an inmate and for visitation by the intended spouse for the purpose of marriage shall not be denied due to the intended spouse's status as a convicted felon. (ECF No. 18 at 1-2). Thus, in order for Plaintiff to suffer the same alleged constitutional deprivation, a highly unlikely series of events would need to occur. Plaintiff would have to divorce Mr. Lacy, seek to marry another individual, and be denied the right to marry in direct contravention of the current policy on the basis that her new fiancé is a convicted felon. Moreover, all of these events would have to occur before Plaintiff's anticipated release date in March 2017. (ECF No. 2 at 8). Mere conjecture that a plaintiff may return

to a prison facility and face the same alleged wrong is not sufficient to meet the mootness exception. *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996).

The undersigned acknowledges the argument in Plaintiff's responsive brief that the wrongful action in this case has not abated despite her marriage, because the wrongful action is not the marriage prohibition, but rather, is "egregious retaliation by prison officials." (ECF No. 23 at 5). However, Plaintiff never alleged a retaliation claim in her complaint, and she is precluded from asserting a new claim in response to the defendants' motion to dismiss. *See Mohammed v. Daniels*, No. 5:13-CT-3077-FL, 2015 WL 470469, at *3 (E.D.N.C. Feb. 4, 2015) ("To the extent plaintiff attempts to raise new claims in his responses to defendants' motions to dismiss, those claims are not properly before the court and will not be considered.") (citing *Henson v. Lambert,* No. RWT–12–3271, 2013 WL 4008882, at *n. 1 (D.Md. Aug.2, 2013), *appeal dismissed,* 557 F. App'x 245 (4th Cir.2014)). Likewise, Plaintiff did not request compensatory or punitive damages in her complaint; instead, she sought only the injunctive relief that she has received. (ECF No. 2 at 5).

In any event, as the defendants point out, Plaintiff is not prejudiced by a dismissal of this action, because she is free to pursue her claim of retaliation, as well as any other related claims for money damages, in *Weldon v. Hodges*, *et al.*, 3:16-cv-07887 (S.D.W.Va. August 18, 2016). Although Plaintiff could seek leave to amend her complaint herein to add the allegations contained in her responsive brief, leave would not be appropriate. Given that Plaintiff's second civil action includes all of the same defendants as are named in this action and alleges retaliation by the defendants, granting leave to amend the instant action would effectively sanction the assertion of improper duplicative claims. *See, e.g., Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626–27

6

(D. Md. 2006), *aff'd,* 273 F. App'x 256 (4th Cir. 2008) ("when a suit is pending in federal court, a plaintiff has no right to assert another action on the same subject in the same court, against the same defendant at the same time") (internal citation and quotation marks omitted). Such an effect would be contrary to the interests of justice.

Therefore, the undersigned **FINDS** that no exception to the mootness doctrine applies in this case. The undersigned further **FINDS** that Plaintiff's claims of retaliation and associated wrongdoing stated in her response to the Motion to Dismiss, (ECF No. 23), were not properly raised in this action and should be pursued in her other pending section 1983 action.

## III.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Defendants' Motion to Dismiss on Grounds of Mootness, (ECF No.  18), and Supplemental Motion to Dismiss on Grounds of Mootness, (ECF No.  25), be **GRANTED**; Plaintiff's Complaint (ECF No. 2) be **DISMISSED, with prejudice,** as moot; and this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension

of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, and any counsel of record.

**FILED:**  October 28, 2016

Cheryl A. Eifert
United States Magistrate Judge

8