IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MONIQUE NICOLE WELDON,

        Plaintiff,

v.                                      CIVIL ACTION NO.   3:16-3815

LORI NOHE, Warden;
JOE WOOD, Associate Warden;
JIM RUBENSTEIN, Commissioner, WVDOC;
C. J. RIDER, Director of Inmate Services, WVDOC,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Monique Weldon-Lacy instituted this action on April 21, 2016 (ECF No. 2) alleging constitutional violations by Defendants under 42 U.S.C. § 1983. Plaintiff is a *pro se* litigant currently incarcerated at the Lakin Correctional Center (LCC) in West Columbia, West Virginia. Plaintiff's complaint alleges that her constitutional right to marry under the Fourteenth Amendment was violated per enforcement of a LCC policy. *Pl.'s Compl.*, ECF No. 2, at 5. Plaintiff requested injunctive relief from this Court to marry her fiancé, Mr. Albert William Lacy, either by permitting his visitation to LCC for the marriage ceremony or by allowing both parties to meet at the United States District Courthouse to marry. *Id.* By standing order, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who filed her Proposed Findings and Recommendations (PF&R) on October 28, 2016 (ECF No. 29). The PF&R recommends that this Court grant Defendants' Motion and Supplemental Motion to Dismiss on

Grounds of Mootness (ECF No. 18; ECF No. 25), dismiss Plaintiff's complaint (ECF No. 2), and remove the action from this Court's docket.

Plaintiff filed an objection to the Magistrate Judge's findings on November 14, 2016 (ECF No. 32). Defendants have chosen not to file a response, and the issue is now ripe for review. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the PF&R, **GRANTS** Defendants' Motion and Supplemental Motion to Dismiss on Grounds of Mootness (ECF No. 18; ECF No. 25), and **DISMISSES** Plaintiff's complaint (ECF No. 2).

### I.  BACKGROUND

According to Plaintiff's complaint, Plaintiff filed a request on January 10, 2015 to marry her fiancé while incarcerated at LCC. *Pl.'s Compl.*, ECF No. 2, at 4. At that time, LCC policy prevented her fiancé, Mr. Albert William Lacy, from visiting LCC due to a previous felony conviction, which ultimately blocked the marital union. *Id.* Plaintiff filed a grievance through the prison system, alleging that her "Substantive Due Process Right to Marry under the 14th Amendment is being invaded by the officials of the [LCC]." *Id.* at 5. The grievance was denied, and Plaintiff pursued her appeals options before bringing the case to this Court. *Id.* In the requested relief section of the complaint, Plaintiff asked this Court to order LCC to permit Mr. Lacy "to visit for the sole purpose to marry … within the confines of the visitation area." *Id.* In the alternative, Plaintiff asked to marry Mr. Lacy at the United States District Courthouse. *Id.*

Defendants first filed a Motion to Dismiss on Grounds of Mootness because the LCC policy changed, allowing an inmate to marry a convicted felon and permitting visitation for the limited purpose of participating in a marriage ceremony. *See Defs.' Mot. to Dismiss*, ECF No. 18, at 1-2 (outlining changes to LCC Policy Directive 507.00 on inmate marriages). Defendants' supplemental motion verified that Plaintiff had taken advantage of the policy change and married

Mr. Lacy. *See Defs.' Supp. Mot. to Dismiss*, ECF No. 25. Defendants argue that Plaintiff's marriage effectively moots her case because the complaint specified only injunctive relief.

Plaintiff's Response in Opposition asserted new claims for compensatory and punitive damages, along with allegations of retaliation, failure to provide religious accommodations, and racial discrimination. *See Pl.'s Resp. in Opp.*, ECF No. 23, at 2, 5, 10, 15, 18. Finding these additionally asserted claims improper in a response to a motion to dismiss, the Magistrate Judge recommended to dismiss the complaint and grant Defendants' motions. *See Proposed Findings & Recommendations*, ECF No. 29. Plaintiff's objections to the PF&R largely reiterate her argument from the Response, but Plaintiff also argues that the mootness exception for a claim capable of repetition yet evading review should apply to her case. *See Pl.'s Obj.*, ECF No. 32.

## II. DISCUSSION

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Plaintiff objects to the Magistrate Judge's recommendation to dismiss the action on mootness and also argues that her additional allegations should move this case forward even if it becomes consolidated in the future with another civil action before this Court. *See Weldon v. Hodge et. al*, 3:16-7887 (S.D.W. Va. 2016) (Plaintiff's other action alleging retaliation and sexual harassment against same defendants).

Regarding only the filed complaint in the case, the PF&R thoroughly explains why the LCC policy change mooted Plaintiff's claims. *See Proposed Findings & Recommendations*, ECF No. 29, at 4-5. Although demonstrating standing by alleging injury, causation, and redressability is part of the justiciability determination as Plaintiff asserts, there also needs to be an active

controversy for a case to continue. *See Pl.'s Obj.*, ECF No. 32, at 3. "To be justiciable under Article III of the Constitution, a conflict between litigants must present a case or controversy both at the time the action is filed *and at the time it is decided*." *Ross v. Reed*, 719 F.2fd 689, 693-94 (4th Cir. 1983) (internal quotations omitted) (emphasis added). A federal court cannot decide the case "[i]f intervening factual … events effectively dispel the case or controversy during pendency of the suit." *Id.* "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United States v. Shawver*, 639 F. App'x 949, 949 (4th Cir. 2016) (citation omitted); *see also Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("A claim may be mooted when the claimant receives the relief he or she sought to obtain" (internal quotations and citation omitted)). Here, Plaintiff requested only injunctive relief to allow her to marry her fiancé while incarcerated. *See Pl.'s Compl.*, ECF No. 2, at 5. The LCC policy change is an intervening factual event that completely eliminates Plaintiff's claim as she was allowed to marry and, in fact, did marry her fiancé. Any determination by this Court would be rendered irrelevant since Plaintiff already obtained her relief.

Moreover, this case does not fall under the limited mootness exception for a claim capable of repetition yet evading review. *See Fed. Election Comm'n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The exception applies in limited cases in which "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* As the Magistrate Judge explains, it is unlikely that Plaintiff would find herself in the same position with a new fiancé who is denied visitation access under a LCC policy that no longer controls. *See Proposed Findings & Recommendations*, ECF No. 29, at 5-6. Accordingly, as

Plaintiff requested only injunctive relief for her constitutional complaints, her case has been mooted by the LCC policy change and her subsequent marriage.

Plaintiff next argues that the new allegations contained within her Response should be enough to sustain the instant case. Both Plaintiff's Response and Objections contain allegations of retaliation and make a request for compensatory and punitive damages. *See Pl.'s Obj.*, ECF No. 32, at 4; *Pl.'s Resp. in Opp.*, ECF No. 23, at 2. However, these additional allegations would have had to be brought in a motion to amend the complaint and not a responsive pleading. A federal court cannot consider these new allegations outside a motion to amend. *See Mohammed v. Daniels*, No. 5:13-CT-3077-FL, 2015 WL 470469, at *3, n.2 (E.D.N.C. Feb. 4, 2015) ("To the extent plaintiff attempts to raise new claims in his responses to defendants' motions to dismiss, those claims are not properly before the court and will not be considered.") (citing *Henson v. Lambert*, No. RWT-12-3271, 2013 WL 4008882, at *1, n.1 (D. Md. Aug. 2, 2013), *appeal dismissed*, 557 F. App'x 245 (4th Cir. 2014)).

Regardless, as the PF&R points out, Plaintiff can amend the complaint in Civil Action 3:16-cv-7887 in order to assert the additional claims of retaliation that have been brought to the Court's attention here. The other action also has a claim for compensatory and punitive damages. Moreover, Plaintiff recognizes the similarities between these two claims in her Objection as she explained a desire to consolidate the cases in the future. *See Pl.'s Obj.*, ECF No. 32, at 5 ("the plaintiff was waiting to ask the Court to rule on consolidation since the actions involve common questions of law and fact"). Plaintiff admits that the instant case and the other pending case involve the same parties, the same constitutional violations, the same policy violations, and ongoing retaliation. *Id.* Allowing the instant case to continue would result in improper duplicative claims that inevitably would require consolidation. *See Sensormatic Sec. Corp. v.*

*Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626-27 (D. Md. 2006), *aff'd* 273 F. App'x 256 (4th Cir. 2008).

Plaintiff is a *pro se* litigant who admits to being confused about how to proceed with her cases. To be clear, the proper action of this Court is to dismiss the instant case as moot. Plaintiff already filed a motion to amend in the other action, alleging the same retaliatory actions mentioned in her Objection and Response here. *See Weldon v. Hodge et. al*, 3:16-7887 (S.D.W. Va. 2016), ECF No. 45. In that case, the Magistrate Judge specified that additional arguments for amendments or additional parties could be brought during a scheduled hearing. *See id.*, ECF No. 54. Therefore, Plaintiff is not prejudiced by the Court's dismissal of this action and may continue to assert her allegations in the alternate case that contains similar causes of action against the same listed Defendants.

### III. CONCLUSION

Plaintiff's allegations contained within this complaint have all been corrected with the change in LCC's policy regarding inmate marriages, and the limited exception for mootness does not apply. The Court cannot treat Plaintiff's additional claims within the Response as allegations in the complaint, and thus, the complaint must be dismissed as moot because Plaintiff has obtained her requested relief. Accordingly, the Court **ADOPTS AND INCORPORATES HEREIN** the PF&R, **GRANTS** Defendants' Motion and Supplemental Motion to Dismiss on Grounds of Mootness (ECF No. 18; ECF No. 25), and **DISMISSES** Plaintiff's complaint (ECF No. 2).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 2, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE